UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO. 19-19 |
| v. | * | SECTION: "A" |
| ALTON MCCLINTON | * | |

\* \* \*

## FACTUAL BASIS

The defendant, **ALTON MCCLINTON** ("**MCCLINTON**" or "**DEFENDANT**"), has agreed to plead guilty as charged to the Bill of Information now pending against him, charging **ALTON MCCLINTON** with using a facility of interstate commerce with the intent to promote, manage, establish, carry on, and facilitate an unlawful activity, namely public bribery under the laws of the State of Louisiana, in violation of Title 18, United States Code, Section 1952(a)(3) and La. Rev. Stat. §14:118. The Government and the **DEFENDANT** hereby stipulate and agree that the following facts set forth a sufficient factual basis for the crime to which the **DEFENDANT** is pleading guilty. The Government and the **DEFENDANT** further stipulate that the Government would have proven, through the introduction of competent testimony and admissible, tangible exhibits, the following facts, beyond a reasonable doubt, to support the allegations in the Bill of Information now pending against the **DEFENDANT**.

The Government would establish, through the introduction of documentary evidence, that **MCCLINTON** was a resident of New Orleans, Louisiana, within the Eastern District of Louisiana. **MCCLINTON** worked as a building inspector for the Jefferson Parish Department of Inspection and Code Enforcement beginning in about 2014. While employed as a building inspector, **MCCLINTON** was responsible for, among other things, investigating complaints

AUSA _JG_
Defendant _AM_
Defense Counsel _pw_

involving zoning violations and inspecting buildings to ensure the structures were in compliance with parish building codes. In his capacity as a building inspector, **MCCLINTON** was a "public employee" and a "person in a position of public authority" as those terms are defined under the laws of the State of Louisiana. *See* La. Rev. Stat. §14:118(B).

The Government would further establish that, beginning not later than about January 2014, and continuing through at least August 18, 2017, on numerous occasions **MCCLINTON** demanded a payment of between $150 and $500 in exchange for issuing either (1) a report reflecting that no zoning violation had occurred when, in fact, one had occurred and (2) an inspection report reflecting that **MCCLINTON** had inspected a particular building and that the building complied with parish building codes when, in fact, **MCCLINTON** had not actually inspected the building. **MCCLINTON** accepted bribe payments from individuals in exchange for issuing one of these two reports on not fewer than ten (10) instances. While most of the bribe payments were in cash, at least one was in the form of a check drawn on the account of the party seeking a passing report from **MCCLINTON**. In total, **MCCLINTON** received a total of not less than $3,000 in bribe payments to influence his conduct and cause him to take the official act of completing a fraudulent zoning or building inspection report in the manner described above.

The Government would further admit documentary evidence and the testimony of representatives of Jefferson Parish to establish that **MCCLINTON** used one or more facilities of interstate commerce to accomplish his crime. To submit a report for each fraudulently passed building or zoning inspection, **MCCLINTON** entered, or caused another person to enter, material information into one of two internet-based computer systems used by Jefferson Parish to record building inspections and zoning violations. **MCCLINTON** used a handheld personal tablet

AUSA  JG
Defendant  An
Defense Counsel

computer issued by Jefferson Parish to enter information concerning building inspections into the MyPermit system. After investigating an alleged zoning violation, **MCCLINTON** drafted a report of his findings and submitted it to another staff member with the Jefferson Parish Department of Inspection and Code Enforcement, who would then enter the information from the report into the SERVIS system. Both the MyPermit and SERVIS systems utilized the internet to transmit data. As such, the MyPermit and SERVIS systems constituted facilities of interstate commerce, as that term is defined in Title 18, United States Code, Section 1952(a).

For example, on about August 18, 2017, **MCCLINTON** became involved into an alleged zoning violation concerning a residential renovation in Gretna, Louisiana. The residential renovation lacked the necessary permits. **MCCLINTON** spoke to Individual A, an individual responsible for the renovations and zoning violation. **MCCLINTON** solicited and received from Individual A a cash payment in the amount of $150 in exchange for removing the permit violation from the SERVIS system. After receiving the payment, **MCCLINTON** arranged for the violation to be removed from the SERVIS system.

The above facts come from an investigation conducted by, and would be proven at trial by credible testimony from, Special Agents from the Federal Bureau of Investigation, employees of Jefferson Parish, representatives of numerous financial institutions, documents and tangible exhibits in the custody of the Federal Bureau of Investigation, and the statements of the defendant, **ALTON MCCLINTON**.

_____ 4/24/19
ALTON MCCLINTON
Defendant

_____ 4/24/2019
DYLAN UTLEY
Attorney for Defendant Alton McClinton
____ Bar Roll No. 27854

_____ 4-24-19
JORDAN GINSBERG
Assistant United States Attorney
Illinois Bar Roll No. 6282956